Filed 5/1/15  P. v. Owens CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066368 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE333134) |
| WILLIAM LEROY OWENS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal; William Leroy Owens, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

William Owens pled nolo contendere to robbery (Pen. Code, § 211)[1] and assault with a deadly weapon (§ 245, subd. (a)(1)), a serious felony within the meaning of

_____

[1]     All statutory references are to the Penal Code.

section 1192.7, subdivision (c)(23). He also admitted he had personally used a deadly weapon while committing the robbery and had suffered seven no-probation priors; two prison priors; two strike priors (a 2009 robbery and a 2001 robbery adjudication as a juvenile) and a serious felony prior (the 2009 robbery).

The court struck the various enhancement allegations except for the 2009 serious felony prior and strike prior, and sentenced Owens to nine years in prison (double the low term of two years for the robbery plus five years for the serious prior felony). The court also imposed, but stayed, a concurrent three-year midterm sentence for the assault with a deadly weapon conviction.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 25, 2013, a loss prevention associate at Walmart observed Owen pushing a shopping cart inside the store. Because Owens was loudly cursing at someone while talking on a cell phone, he decided to watch Owens. The loss prevention officer observed Owens select food items, a child's scooter and helmet from different locations within the store and place those items in the shopping cart. As he continued watching Owens, he saw him place the merchandize into Walmart shopping bags that were already in the cart.

As the loss prevention associate, pushing an empty shopping cart, approached Owens, he noticed Owens was holding an ax and appeared as if he were "about to swing it." The loss prevention officer backed up and pushed his cart towards Owens. At that

2

point, Owens put the ax in his cart, grabbed some bags that were in the cart and ran out of the store.

Owens was arraigned and held to answer on a felony complaint charging the same crimes, enhancements and prior allegations to which he ultimately entered a plea of no contest. On October 16, Owens and his attorney attended a readiness conference where a seven-year eight-month plea agreement was discussed, but not finalized, and the trial date confirmed. On October 24, the court conducted a *Marsden* hearing at Owens's request and denied the motion. Four days later, Owens and his attorney discussed the proposed plea agreement and completed a change of plea form premised on the seven-year eight-month offer.

As the October 30 trial date approached, the prosecutor informed Owens's counsel the offer was "no longer on the table." On October 30, Owens entered a nolo contendere plea to the charges, enhancements, and priors noted above and agreed he was doing so in exchange for the court's commitment to impose a sentence not to exceed nine years. On December 2, the date originally set for sentencing, the court granted defendant's second *Marsden* motion and appointed new counsel.

New counsel filed a motion to withdraw Owens's no-contest plea, contending that Owens's original attorney had pressured him to enter the plea, he was in a state of despair when he entered the plea, and his attorney had told him he could "take the plea back at any time . . . before sentencing.

3

Both Owens and his original attorney testified. The court denied the motion, noting he specifically recalled the change of plea hearing and observing, "The pleadings, the change of plea soliloquy, the discussions we had, the history of the case, leads me to the . . . inescapable conclusion, that when Mr. Owens appeared before me in Department 11 for trial, that the People's position being we are going . . . for life on this case, led Mr. Owens to the conclusion, as bad as the nine was, it was a hell of a lot better than the downside of going to trial."

The court then imposed a nine-year prison sentence, the upper limit under the plea agreement.

## DISCUSSION

Appointed appellate counsel has filed a brief setting forth the factual and procedural history of the case. Counsel presents no argument for reversal, but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal. 3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to as possible, but not arguable issues: (1) whether appellant was properly advised of the consequences of entering a no-contest plea; (2) whether he was advised of his constitutional rights and waived them before he entered a no-contest plea; and (3) whether the court abused its discretion in denying appellant's motion to withdraw his plea prior to sentencing.

We granted Owens permission to file a brief on his own behalf. He has done so and has raised two issues.

4

First, he challenges the change of plea form because neither he, nor his attorney, "confirmed" their signatures by dating the form and he did not provide a fingerprint to "confirm" his agreement with the change of plea. The arguments have no merit. The court minutes, the transcript of the change of plea hearing and the transcript of the hearing on the motion to withdraw the plea make clear he entered the plea freely and voluntarily, he understood the terms and consequences of the plea, and he was advised of and waived his constitutional rights when he entered the plea in open court on October 30. This conclusion is not altered by the fact he did not date the change of plea form and his fingerprint is not placed on page 3 of the form.

Second, relying on statements the judge made at the second *Marsden* hearing, Owens asserts that he was entitled to a sentence of seven years eight months instead of nine years. Although appellant correctly points out that during the *Marsden* hearing the court referenced both a nine-year sentence and a seven-year eight-month sentence, appellant's argument fails. In granting the *Marsden* request, the court noted that appellant's original counsel had done "a tremendous job in negotiating the plea where he did" but because there was "an irreparable problem between Mr. Owens and his current counsel," he concluded it appropriate to appoint new counsel who would be given the opportunity to file a motion to withdraw the plea.

At the hearing on the motion to withdraw the plea, the court heard testimony concerning several matters including the history of plea negotiations in this case, the details of Owens's change of plea hearing, and Owens's claim his attorney misled him and

5

pressured him to enter the no-contest plea.  The hearing also included testimony from appellant's original counsel explaining his investigation of the case, including review of a videotape of the incident, and his ultimate assessment that going to trial carried a substantial risk of appellant being convicted of all charges and receiving a sentence far in excess of nine years.  Based on the evidence presented, the court denied Owens's motion to withdraw his plea, concluding Owens had voluntarily and knowingly entered a plea of no contest in return for a sentence not to exceed nine years.  The court did not abuse its discretion in denying the motion and in imposing a sentence of nine years.

A review of the record pursuant to *People v. Wende, supra*, 25 Cal. 3d 436 and *Anders v. California, supra*, 386 U.S. 738, including the possible issues referred to by appellate counsel, has disclosed no reasonably arguable appellate issues.  Competent counsel has represented Owens on appeal.

DISPOSITION

The judgment is affirmed.


HALLER, Acting P.J.

WE CONCUR:


McDONALD, J.


AARON, J.